IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHARLES W. McDONALD,

       Plaintiff,

vs.                                No. 2:18-cv-02084-JTF-dkv

WEST-WARD PHARMACEUTICALS CORP.;
GLENMARK PHARMACEUTICALS, INC.;
GLENMARK PHARMACEUTICALS, INC., USA;
and WALGREENS,

       Defendants.

REPORT AND RECOMMENDATION ON THE REMAINING DEFENDANTS' MOTIONS
TO DISMISS

On February 5, 2018, the plaintiff, Charles W. McDonald ("McDonald"), filed a *pro se* complaint against the following nine defendants: Dr. Robert Schriner ("Dr. Schriner"); Baptist Sleep Disorders Center; Baptist Memorial Hospital; West-Ward Pharmaceuticals Corp. ("West-Ward"); Glenmark Pharmaceuticals, Inc. and Glenmark Pharmaceuticals, Inc., USA (collectively, "Glenmark"); GlaxoSmithKline, LLC and GlaxoSmithKline Consumer Healthcare Holdings (US), LLC (collectively "GlaxoSmithKline");

and Walgreen Co.[1] ("Walgreens").  (Compl., ECF No. 1.)  McDonald

paid the civil filing fee.  (ECF No. 2.)

        Before the court are three motions: Glenmark's motion to

dismiss pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the

Federal Rules of Civil Procedure, filed on March 19, 2018,

(Glenmark's Mot. to Dismiss, ECF No. 35); Walgreens's motion to

dismiss and/or motion for judgment on the pleadings pursuant to

Rules 12(b)(6) and 12(b)(7), filed April 11, 2018, (Walgreens's

Mot. to Dismiss, ECF No. 48); and West-Ward's motion to dismiss

pursuant to Rule 12(b)(1) and 12(b)(6), filed April 17, 2018,

(West-Ward's Mot. to Dismiss, ECF No. 53).  McDonald has not

filed a response to any of these motions, and the time for

response has expired.  This case has been referred to the United

States Magistrate Judge for management and for all pretrial

matters for determination and/or report and recommendation as

appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)  For the

reasons that follow, it is recommended that all three motions be

granted.

---

        [1] Defendant Walgreen Co. points out in its motion to dismiss
and/or motion for judgment on the pleadings that McDonald
incorrectly named the defendant as "Walgreens" in the complaint.
(Walgreens's Mot. to Dismiss 1, ECF No. 48.)  The Clerk of Court
is directed update the docket sheet to reflect the correct name,
Walgreen Co.

I.   PROPOSED FINDINGS OF FACT

McDonald's *pro se* complaint in general alleges negligence claims under state law against all the defendants as a result of his use of the drug Ropinirole, the generic version of the brand-name prescription drug Requip prescribed for restless leg syndrome, which allegedly caused him to gamble excessively. (Compl. 6, ECF No. 1.)  According to McDonald, after undergoing sleep monitoring at Baptist Hospital Sleep Disorder Center, Dr. Schriner prescribed McDonald a 0.5 mg dosage of Ropinirole to treat his restless leg syndrome in October 2010.  (*Id.* at 6–7.) In October 2011, Dr. Schriner increased his dosage to 1 mg and then, in December 2011, Dr. Schriner again increased his dosage to what McDonald presumed was 1.5 mg, "however, the instructions were not very clear." (*Id.*)  Dr. Schriner then prescribed a 3 mg dosage in May 2012.  (*Id.*)  McDonald alleges that he was again confused by the instructions associated with a dosage increase to 4 mg in November 2012, which directed him to take one 2 mg tablet every evening and at bedtime.  (*Id.*)  The complaint alleges that McDonald obtained all the Ropinirole from Walgreens, (*id.* at 7.), and that West-Ward and Glenmark manufactured Ropinirole, (*id.* at 9.).

McDonald claims that the effects of Ropinirole induced him to gamble and caused him damages.  (*Id.* at 7–8.)  According to

3

the allegations in the complaint, McDonald began to gamble at casinos over one year after he started taking Ropinirole. (*Id.* at 7.) McDonald alleges that from 2012, when he began gambling, until February of 2017, when Dr. Fred Peltz changed his prescription from Ropinirole to Gabapentin, he "lost nearly all of his life savings and inheritance, approximately $188,000.00." (*Id.* at 7—8.) According to McDonald, after he changed medications he "almost completely stopped gambling" by early 2018. (*Id.* at 8.)

The specific causes of actions alleged by McDonald in his complaint are difficult to discern. McDonald did not identify causes of action separately. As to Walgreens, West-Ward, Glenmark, and other defendants who have since been dismissed, McDonald claims that the causes of his gambling losses were "substantial failures to warn" of the potential side effects of Ropinirole. (*Id.* at 1.) In addition, as to Walgreens, McDonald alleges failure to provide "follow-up monitoring." (*Id.* at 10.) For relief, McDonald requests compensatory damages of $199,000.00 as well as punitive damages. (*Id.* at 11.)

The only remaining defendants are Glenmark, West-Ward, and Walgreens; McDonald voluntarily dismissed the other defendants. On February 14, 2018, two of the defendants, Baptist Memorial Hospital and Baptist Sleep Disorder Center, jointly filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) for

lack of subject matter jurisdiction because there was not complete diversity between the parties. (Defs.' Joint Mot. to Dismiss, ECF No. 19.) On February 21, 2018, defendant Dr. Schriner also filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because complete diversity was lacking. (Dr. Schriner's Mot. to Dismiss, ECF No. 23.) On February 28, 2018, McDonald filed a notice voluntarily dismissing without prejudice Dr. Schriner, Baptist Memorial Hospital, and Baptist Sleep Disorder Centers, the non-diverse parties. (ECF No. 24.) The presiding district judge entered an order dismissing the parties without prejudice pursuant to Rule 41 on March 12, 2018. (Order of Dismissal, ECF No. 29.) On April 6, 2018, McDonald filed a notice of voluntary dismissal of GlaxoSmithKline (ECF No. 47), and the presiding district judge entered an order dismissing both parties without prejudice pursuant to Rule 41 on April 11, 2018, (Order Dismissing GlaxoSmithKline, ECF No. 51).[2]

## II. PROPOSED CONCLUSIONS OF LAW

Each of the remaining defendants has filed a motion to dismiss McDonald's claims. In its motion to dismiss, West-Ward argues that the complaint should be dismissed (1) under Federal

---

[2] GlaxoSmithKline manufactured Requip, not the generic Ropinirole. McDonald alleges he only took Ropinirole.

Rule of Civil Procedure 12(b)(1), because the court lacks subject matter jurisdiction; (2) under Rule 12(b)(6), arguing that McDonald failed to plead sufficient facts to establish a valid claim under the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29-28-101, *et seq.*, and that federal law preempts McDonald's state law claims; and (3) because McDonald's claims are time barred under the TPLA's statute of limitations. (West-Ward's Mot. to Dismiss, ECF No. 53.)  In addition to asserting each of the grounds West-Ward states in its motion to dismiss, Glenmark moves to dismiss McDonald's claims under Rule 12(b)(2) for lack of personal jurisdiction. (Glenmark's Mot. to Dismiss, ECF No. 35.)  Similarly, Walgreens moves to dismiss McDonald's complaint on the grounds that (1) under Rule 12(b)(6), McDonald's failure to comply with the Tennessee Health Care Liability Act ("THCLA"), Tenn. Code Ann. § 29-26-101, *et seq.*, pre-suit requirements warrants dismissal, (2) McDonald's claims against Walgreens are time barred under the THCLA; and (3) under Rule 19, McDonald's failure to join an indispensable, nondiverse party necessitates dismissal of the case. (Walgreens's Mot. to Dismiss 1-2, ECF No. 48.)

A.   <u>Subject Matter Jurisdiction</u>

West-Ward and Glenmark both move to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  While Walgreens has not filed a 12(b)(1) motion

6

to dismiss for lack of subject matter jurisdiction, Walgreens argues that the court currently lacks subject matter jurisdiction to proceed against it pursuant to Rule 12(b)(7) due to McDonald's failure to include an indispensable party in the lawsuit, namely Dr. Schriner, under Rule 19(b). (Walgreens's Mem. in Supp. of Mot. to Dismiss 8, ECF No. 49.)

Subject matter jurisdiction is a threshold issue which a court must determine before reaching other issues. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008)(per curiam).

The Constitution gives Congress the sole power to determine a federal court's subject matter jurisdiction. U.S. Const. art. III, § 1. Congress has laid out two circumstances where a federal court may exercise jurisdiction over a claim: "(1) in civil actions between citizens of different states where the amount in controversy exceeds $75,000, called diversity

jurisdiction; and (2) in civil actions 'arising under the Constitution, laws, or treatises of the United States,' referred to as federal question jurisdiction." *Funderwhite v. Local 55, United Ass'n*, 702 Fed. Appx. 308, 311 (6th Cir. 2017)(citing 28 U.S.C. §§ 1331-1332).

With respect to federal question jurisdiction, McDonald has not alleged that any of his claims against Walgreens, West-Ward, or Glenmark arise under a federal statute or the Constitution. All of McDonald's claims purport to be under state law. Therefore, this court does not have federal question jurisdiction in this case.

At issue is whether this court has diversity jurisdiction over McDonald's claims against the remaining defendants. Diversity jurisdiction exists only where "all opposing parties are completely diverse and the amount in controversy exceeds $75,000.00."[3] *Casias v. Wal-Mart Stores, Inc.*, 764 F. Supp. 2d 914, 917 (6th Cir. 2011)(citing 28 U.S.C. § 1332(a)). A federal court has diversity jurisdiction only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln*

---

[3] The amount in controversy requirement has been met. In his complaint, McDonald alleges that he suffered injuries amounting to approximately $200,000, which is more than the required minimum amount in controversy of $75,000. (Compl. 14, ECF No. 1.)

*Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Since federal courts are courts of limited jurisdiction, "'[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010)(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). If the court determines it lacks jurisdiction to hear a case, the court must dismiss the case without prejudice. Fed. R. Civ. P. 41(b).

In their respective motions, neither West-Ward nor Glenmark nor Walgreens argue that complete diversity is lacking at this time between the three remaining defendants and McDonald. (ECF Nos. 35-1, 49, 53-1.) Rather, West-Ward and Glenmark argue that the court lacks subject matter jurisdiction over this suit because complete diversity between all the parties in this case did not exist at the time McDonald filed the complaint. (ECF Nos. 35-1, 53-1.) Although diversity is typically determined at the time of filing, *see Evanston Ins. Co. v. Hous. Auth. Of Somerset*, 867 F.3d 653, 658 (6th Cir. 2017)(quoting *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004)), a common exception to that rule allows a court to dismiss nondiverse, dispensable parties pursuant to Fed. R. Civ. P. 21 while preserving subject matter jurisdiction. *Newman Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)("[I]t is well

settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Priester v. Bent Creek Golf Club, LLC*, No. 3:17-CV-284, 2018 WL 2305703, at *2 (E.D. Tenn. May 21, 2018)("Rule 21 allows a district court to drop a non-diverse party to retain diversity jurisdiction if that party's presence in the action is not required under Rule 19.").

In their motions to dismiss, West-Ward and Glenmark do not dispute that the dismissed parties——Dr. Schriner, Baptist Sleep Disorders Center and Baptist Memorial Hospital——were nondiverse. Neither West-Ward nor Glenmark, however, argue that Dr. Schriner, Baptist Sleep Disorders Center, and Baptist Memorial Hospital are necessary and indispensable parties in this case under Rule 19. Their arguments stop short of claiming that Dr. Schriner, Baptist Sleep Disorders Center, and Baptist Memorial Hospital, all health care providers, are necessary and indispensable parties to McDonald's claims against West-Ward and Glenmark as manufacturers of the Ropinirole, and neither West-Ward nor Glenmark cite any cases for that proposition.

Given that the negligence claims against West-Ward and Glenmark constitute product liability claims,[4] it is unlikely

---

[4] See discussion *infra* Section II.B.3.

that the dismissed defendants are necessary and indispensable to
McDonald's claims against them. *See DeGidio v. Centocor, Inc.*,
No. 3:09CV721, 2009 WL 1867676, at *3 (N.D. Ohio June 29, 2009),
*as amended* (July 8, 2009)(holding health care defendants are not
necessary and indispensable parties as to the resolution of the
plaintiff's claim against a drug company under Fed. R. Civ. P.
19). Here, the claims against the dismissed defendant health
care providers regard their medical negligence and whether they
failed to adequately warn McDonald of the risks associated with
the use of Ropinirole, while the claims against the remaining
two pharmaceutical drug companies regard their conduct related
to promoting, distributing, and marketing Ropinirole. *Id.*
After McDonald filed a motion to voluntarily dismiss the
nondiverse health care parties, the presiding district judge
properly granted a dismissal without prejudice under Rule 41,
thus perfecting diversity jurisdiction pursuant to Rule 21.
(ECF Nos. 24, 29.)

Walgreens argues that, pursuant to Rule 19, the court lacks
subject matter jurisdiction over McDonald's failure-to-warn
claims against it due to McDonald's failure to include
nondiverse, indispensable parties in the lawsuit. (Walgreens's
Mem. in Supp. of Mot. to Dismiss 8, ECF No. 49.) In support of
this argument, however, Walgreens merely asserts that Dr.
Schriner, who allegedly prescribed the Ropinirole, played a

11

"critical" role in the alleged failure to warn as a learned intermediary and "it would be impossible for this Court to adjudicate whether the plaintiff received proper warnings without considering what warnings/instructions were provided by Dr. Schriner." (*Id.*)   Like West-Ward and Glenmark, Walgreens fails to argue that Dr. Schriner is a necessary and indispensable party and cites no case for that proposition.   The mere fact that Dr. Schriner is a potential joint tortfeasor does not inherently classify him as a necessary or indispensable party under Rule 19.   *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001)("Specifically, a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party.").   Without further analysis explaining why Dr. Schriner is indispensable under Rule 19(b), this court declines to categorize Dr. Schriner as an improperly dismissed indispensable party.

Therefore, because the presiding district judge properly dismissed the nondiverse parties, complete diversity still exists between the remaining parties.   This court finds that diversity jurisdiction exists and proceeds with its analysis of the remaining claims accordingly.

B.   Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim and/or Motion for Judgment on the Pleadings

1.   *Standard of Review*

12

In assessing whether McDonald's complaint states a claim for which relief may be granted, the court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  To survive a Rule 12(b)(6) motion to dismiss following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d

710, 712 (6th Cir.2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted). Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

    2.   *Walgreens's Motion to Dismiss and/or for Judgment on the Pleadings*[5]

---

[5] Walgreens styles its motion alternatively as a Rule 12(c) motion for judgment on the pleadings because it filed an answer. When reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), federal courts apply the same standards used to

In his complaint, McDonald alleges that his injuries resulted from Walgreens's failure to warn him that the medication Dr. Schriner prescribed him would cause him to suffer uncontrollable urges to gamble. In response, Walgreens argues that McDonald's claims against it constitute a health care liability action under the THCLA because Walgreens is a health care provider that provided health services to McDonald and McDonald's failure to comply with the specific pre-suit notice and certification requirements set forth in the THCLA require dismissal of McDonald's claims against Walgreens with prejudice pursuant to Rule 12(b)(6). (Walgreens's Mem. in Supp. of Mot. to Dismiss 6-7, ECF No. 49.)

The court must first determine whether McDonald's claims against Walgreens qualify as a health care liability action. If McDonald's claims constitute a health care liability action, the court must then determine whether McDonald complied with the pre-suit notice and certification requirements set forth in the THCLA.

a.   Health Care Liability Actions

---

review a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)(citation omitted).

Because this case arises out of diversity jurisdiction, Tennessee law governs.[6] The THCLA governs all health care liability actions arising under Tennessee law. Tenn. Code Ann. § 29-26-101, *et seq.* The THCLA defines a health care liability action as "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." *Id.* § 29-26-101(a)(1). To determine whether McDonald's claims against Walgreens qualify as a health care liability action, the court must first determine whether Walgreens is a health care provider as defined in the THCLA, *id.* § 29-26-101(a)(2), and then whether the claims against Walgreens relate to the health care services it provided to McDonald, *id.* §§ 29-26-101(a)(1), (b).

A "health care provider" includes any "health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68." *Id.* § 29-26-101(a)(2)(A). Title 63 of the Tennessee Code dedicates an entire chapter to the regulation of pharmacies. *Id.* § 63-10-

---

[6] Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

16

101, *et seq.* Specifically, the Tennessee Code defines a "pharmacy" as "a location licensed by this state where drugs are compounded or dispensed under the supervision of a pharmacist, as defined in the rules of the board and where prescription orders are received or processed." *Id.* § 63-10-204(36). Thus, because a pharmacy is "licensed . . . under [a] chapter of title 63" as required under the THCLA, any actions against Walgreens regarding the health services its pharmacy provided qualify as actions against a "health care provider" for purposes of the THCLA. *Id.* §§ 29-26-101(a)(1), (2)(A).

Under the THCLA, "health care services" include services provided by pharmacists and pharmacist technicians. *Id.* § 29-26-101(b). In his complaint, McDonald alleges that his losses were a result of "serious and substantial failures to warn by . . . Walgreens Pharmacy," thereby asserting claims specifically against the pharmacy division of Walgreens. (Compl. 6, ECF No. 1.) Thus, because McDonald's allegations against Walgreens relate to its pharmacy practice and services, McDonald's claims against Walgreens constitute a health care liability action and are governed by the THCLA.

   b.   THCLA Pre-Suit Requirements

Before filing a health care liability action in Tennessee, a plaintiff must comply with the pre-suit notice and good-faith certification requirements under the THCLA. Tenn. Code Ann. §§

29-26-121, 122.   First, a plaintiff asserting "a potential claim for health care liability" must provide the potential defendant health care provider with written notice of the plaintiff's intent to sue "at least sixty (60) days before the filing of a complaint based upon health care liability."   *Id.* § 29-26-121. A plaintiff's failure to comply with the THCLA's sixty-day pre-suit notice requirement warrants dismissal without prejudice. *Ellithorpe v. Weismark*, 479 S.W.3d 818, 828-29 (Tenn. 2015)(citing *Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015)).   Second, if a plaintiff's claim requires the use of expert testimony to establish a defendant health care provider's malpractice, the plaintiff must file a "certificate of good faith" with the complaint.   Tenn. Code Ann § 29-26-122.   This certificate of good faith must show that the plaintiff has consulted with an expert regarding the plaintiff's claims and that the expert provided the plaintiff with a signed statement confirming that a good faith basis to maintain the action exists.   *Id.* § 29-26-122(a); *see also Burns v. United States*, 542 F. App'x 461, 463-64 (6th Cir. 2013)(describing the good-faith certificate requirements under the TCHLA).   Failure to provide a certificate of good faith in cases requiring expert testimony warrants dismissal with prejudice.   Tenn. Code Ann § 29-26-122(c); *see also Ellithorpe*, 479 S.W.3d at 829 (discussing whether a suit should be dismissed with or without prejudice if

a plaintiff fails to comply with the THCLA's notification requirement and/or certificate-of-good-faith requirement).

To date, McDonald has not filed a response to Walgreens's motion. Further, nothing in McDonald's complaint suggests that he provided Walgreens with any pre-suit notice of his intent to file suit or that McDonald executed a certificate of good faith. (Compl., ECF No. 1.) In addition to filing the complaint without providing notice to Walgreens of his claims, McDonald failed to file a certificate of good faith in conjunction with his complaint. (Compl., ECF No. 1.) As the Sixth Circuit has explained, a plaintiff is required to file a certificate of good faith in cases that will require expert testimony to establish malpractice under Tenn. Code Ann. § 29-26-115. *Burns*, 542 F. App'x at 463. Under Tenn. Code Ann. § 29-26-115(a), a plaintiff must provide expert testimony to support his claim if he intends to prove (1) the standard of acceptable professional care applicable to the defendant health care provider, (2) that the defendant failed to abide by the applicable standard of care, and (3) that as a proximate result of the defendant's negligence, the plaintiff suffered injuries that would not have occurred absent such negligence. McDonald alleges that Walgreens failed to warn him about the possible side effects of the medication prescribed to him and, as a consequence of its professional negligence, McDonald suffered injuries. (Compl. 8,

19

ECF No. 1.)  Thus, to proceed with his claim, McDonald will need to provide expert testimony (1) to establish "[t]he recognized standard of acceptable professional practice" applicable to Walgreens at the time it provided McDonald with the Ropinirole to determine whether Walgreens had a duty to warn him of Ropinirole; (2) to prove that Walgreens failed to act with ordinary and reasonable care in accordance with the professional standard in the pharmacy industry; and (3) to support his contention that the injuries he allegedly suffered were proximately caused by his use of Ropinirole and Walgreens's failure to warn him about Ropinirole's potential side effects. *See* Tenn. Code Ann. § 29-26-115(a).  To use expert testimony in his case, however, McDonald must have filed a certificate of good faith with his complaint. *Id.* § 29-26-122.  Consequently, McDonald's failure to file a certificate of good faith with his complaint forecloses his ability to gain any form of relief in this case under the THCLA and warrants dismissal of his claims against Walgreens with prejudice under Rule 12(b)(6). *Ellithorpe*, 479 S.W.3d at 829.

While neglecting to provide Walgreens with notice of his potential suit prior to filing his complaint warrants dismissal of McDonald's claims against Walgreens without prejudice, his failure to file a certificate of good faith with his complaint warrants dismissal of his claims with prejudice.  Therefore,

20

this court recommends that McDonald's claims against Walgreens be dismissed with prejudice.

3.    *West-Ward's and Glenmark's Motions to Dismiss*

Defendants West-Ward and Glenmark assert that McDonald failed to state a claim on which relief may be granted, warranting dismissal under Rule 12(b)(6). (ECF Nos. 35-1, 53-1.) Both defendants argue that McDonald failed to state a claim under the TPLA, Tenn. Code Ann. § 29-28-101, *et seq.*, because the complaint merely provides conclusory allegations that fail to contain any facts supporting products liability claims against them. (ECF Nos. 35-1, 53-1.) To date, McDonald has not filed a response to either motion to dismiss nor has McDonald filed an amended complaint. For reasons explained below, this court recommends the claims against West-Ward and Glenmark be dismissed with prejudice due to McDonald's failure to state a claim under the TPLA.

Under Tennessee law,[7] the TPLA governs all products liability actions. Tenn. Code Ann. § 29-28-101, *et seq.* The TPLA defines products liability actions as "[a]ll actions brought for or on account of personal injury . . . caused by or

---

[7] Because this case arises under diversity jurisdiction, Tennessee law applies. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

resulting from the manufacture, . . . warning, . . . or labeling of any product." *Id.* § 29-28-102(6). McDonald's claims against West-Ward and Glenmark are based on the defendants' alleged failure to warn McDonald about the potential side effects McDonald might encounter if he used the drug Ropinirole, (Compl. 1, ECF No. 1), and their liability as "the manufacturers of Ropinirole," (*id.* at 9). Accordingly, the TPLA governs McDonald's claims against West-Ward and Glenmark.

As previously noted, a complaint must allege facts sufficient to support a "plausible" claim against a party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). Under the TPLA, to establish a products-liability claim the plaintiff must show: "(1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer's control, and (3) the plaintiff's injury was proximately caused by the defective product." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). To succeed on a failure-to-warn claim under a products-liability theory, a plaintiff must establish (1) that the defendant breached its duty to provide an adequate warning and (2) that the defendant's failure to provide an adequate warning was the cause in fact and proximate cause of the plaintiff's injury. *Meyer v. Tapeswitch Corp.*, No. 3:14-CV-01398, 2017 WL 5495738, at *8 (M.D. Tenn. Nov. 16, 2017)(internal citations omitted).

22

In his claims against West-Ward and Glenmark in their capacity as manufacturers, McDonald fails to allege any facts explaining how Ropinirole's design is defective or unreasonably dangerous, much less a causal link between any design defect and his injuries. Further, the complaint does not include any facts regarding whether any defect in the drug's design existed at the time it left the defendant-manufacturer's control. Finally, McDonald neglected to provide any factual allegations specifying which defendant manufactured the Ropinirole he used. Similarly, the only statement regarding McDonald's failure-to-warn claims against both West-Ward and Glenmark is the assertion that "the causes of [his] losses were serious and substantial failures to warn by" West-Ward, Glenmark, and various other defendants. (Compl. 6, ECF No. 1.) Beyond this conclusory assertion, the complaint is devoid of facts regarding the Ropinirole's warnings. McDonald did not include any factual allegations detailing whether the prescriptions he received contained any warning labels, discussing the contents of any warnings provided with his Ropinirole prescriptions, explaining how Ropinirole's warnings were inadequate, or describing how any inadequate warnings were the cause in fact and proximate cause of his injuries.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because McDonald merely provided conclusory assertions regarding the defendants' liability, there are no facts for this court to review "in a light most favorable to the plaintiff." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Thus, the complaint inherently fails to "plausibly suggest an entitlement to relief" against West-Ward and Glenmark. *Id.* Accordingly, it is submitted that West-Ward's and Glenmark's motions to dismiss with prejudice pursuant to Rule 12(b)(6) be granted.[8]

## III. RECOMMENDATION

For the foregoing reasons, this court recommends that McDonald's complaint be dismissed with prejudice in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 3rd day of October, 2018.

s/ Diane K. Vescovo
Diane K. Vescovo
Chief United States Magistrate Judge

---

[8] Having found that the complaint fails to state claims under the THCLA and the TPLC against the remaining defendants, it is not necessary to address the remainder of the issues raised by the defendants in their respective motions.

24