IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| CHARLES W. MCDONALD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:18-cv-02084-JTF-dkv |
| | ) |
| ROBERT SCHRINER, Head of Baptist Sleep | ) |
| Disorders Center; BAPTIST SLEEP | ) |
| DISORDER CTR.; BAPTIST MEM'L HOSP.; | ) |
| WEST-WARD PHARM. CORP.; GLENMARK | ) |
| PHARM., INC.; GLENMARK PHARM., INC., | ) |
| USA; GLAXOSMITHKLINE LLC; | ) |
| GLAXOSMITHKLINE CONSUMER | ) |
| HEALTHCARE HOLDINGS (US) LLC; and | ) |
| WALGREENS, | ) |
| | ) |
|     Defendants. | ) |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT THE REMAINING DEFENDANTS' MOTIONS TO DISMISS AND DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**
_____

Before the Court are three Motions—a March 19, 2018 Motion to Dismiss filed by Defendants Glenmark Pharmaceuticals, Inc., USA and Glenmark Pharmaceuticals, Inc. (collectively "Glenmark"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6); an April 11, 2018 Motion to Dismiss and/or Motion for Judgment on the Pleadings filed by Defendant Walgreen Co., pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7); and an April 17, 2018 Motion to Dismiss filed by Defendant West-Ward Pharmaceuticals Corp., pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 35, 48, 49, & 53.) No response was filed to any of the above Motions. Pursuant to Administrative Order 2013-05, this case was assigned to the Chief Magistrate Judge for management of all pretrial matters.

(Admin. Order 2013-05, Apr. 29, 2013.) On October 3, 2018, the Magistrate Judge entered a Report and Recommendation suggesting that this Court dismiss with prejudice Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 59, 24.) Thereafter, on October 22, 2018, Plaintiff filed his Objections to the Magistrate's Report and Recommendation. (ECF No. 60.) Both Defendants West-Ward and Glenmark filed an individual Response to Plaintiff's Objections on November 5, 2018. (ECF Nos. 61 & 62.) For the reasons below, the Court finds it should ADOPT the Magistrate Judge's Report and Recommendation, DENY Plaintiff's Objections, and DISMISS Plaintiff's Complaint in its entirety with prejudice.

## I. FINDINGS OF FACT

In their Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case.[1] (ECF No. 59, 3–5.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

---

[1] Although the facts found by the Chief Magistrate Judge appear to conflict slightly with Plaintiff's version of the facts, as asserted in his Complaint, the conflict appears inconsequential and Plaintiff does not make any factual objection to the findings. Thus, the Court adopts the Magistrate Judge's proposed findings of fact.

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

### III. ANALYSIS

The Chief Magistrate Judge recommends granting the Motions to Dismiss filed by Defendants Glenmark, Walgreens Co., and West-Ward, and dismissing Plaintiff's Complaint with prejudice. (ECF No. 59, 19–24.) This Court agrees with that conclusion and, accordingly, finds that the referenced Motions to Dismiss should be granted and Plaintiff's Complaint dismissed with prejudice for the reasons below.

A. Subject Matter Jurisdiction

Defendants West-Ward and Glenmark move to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that complete diversity did not exist *at the time* Plaintiff filed the Complaint. (ECF Nos. 35-1 & 53-1 (emphasis added).) The Magistrate found that this Court has subject matter jurisdiction over the instant dispute based on diversity

jurisdiction. (ECF No. 59, 6–12.) The Court, however, cannot conclude that Plaintiff has met its burden of showing that this Court has subject matter jurisdiction over the matter before it.

Subject matter jurisdiction is a threshold issue that a court must determine before reaching other issues. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). ("When the defendant challenges subject-matter jurisdiction through a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction over his claim."). Where a court lacks jurisdiction to hear a case, it must dismiss the matter without prejudice. Fed. R. Civ. P. 41(b). Congress has laid out two circumstances where a federal court may exercise jurisdiction over a claim: "(1) in civil actions between citizens of different states where the amount in controversy exceeds $75,000, called diversity jurisdiction; and (2) in civil actions 'arising under the Constitution, laws, or treaties of the United States,' referred to as federal question jurisdiction." *Funderwhite v. Local 55, United Ass'n*, 702 F. App'x 308, 311 (6th Cir. 2017) (citing 28 U.S.C. §§ 1331–1332).

*Federal Question Jurisdiction*

The Court concludes it does not have federal question jurisdiction. First, Plaintiff does not assert any claim against any Defendant based on the Constitution, laws, or treaties of the United States. Moreover, to the extent Plaintiff's Complaint asserts theories of liability against Defendants West-Ward and Glenmark for any defective design and failure to warn related to his prescription for and receipt of the drug Ropinirole, the claims arise under the Tennessee Products Liability Act. *Supra*, at p. 12–13. Thus, federal question jurisdiction does not exist here.

*Diversity Jurisdiction*

The Court is also unable to conclude that diversity jurisdiction exists here. As referenced above, the party seeking the federal forum "has the burden of pleading sufficient facts to support

the existence of the court's jurisdiction," which includes "all parties' citizenships such that . . . complete diversity can be confirmed[.]" *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). When suing a corporation, a Plaintiff "must allege both the corporation's state of incorporation and its principal place of business[,]" each of which constitutes a state of citizenship for the corporation. *Id.*; *see also* 28 U.S.C. § 1332(c)(1).

Here, Plaintiff's Complaint does not assert, or provide facts showing, the place of incorporation and principal place of business for any Defendant. Plaintiff does not assert that the citizenship of each Defendant is different from his. Plaintiff merely provides an address for Defendants West-Ward's and Glenmark's agent for service of process. (*See e.g.*, ECF No. 1, 1–2.) Plaintiff provides a New Jersey address for Defendant Glenmark's agent for service of process and a Tennessee address for Defendant West-Ward's agent for service of process. (*Id.* at 2, 9.) Such allegations are insufficient to establish either the place of incorporation or principal place of business for a corporation because the Court cannot rule out the possibility that Plaintiff is a citizen of the same state as one of the Defendants and cannot simply assume it is not. *Poly-Flex Constr., Inc. v. Neyer, Tiseo & Hindo, Ltd.*, No. 1:07-cv-1090, 2008 U.S. Dist. LEXIS 22970, at *8–12 (W.D. Mich. Mar. 24, 2008). Accordingly, the Court finds that Plaintiff has not carried his burden of establishing the existence of subject matter jurisdiction, and the case is subject to dismissal without prejudice as a result.

B. Personal Jurisdiction

Assuming, *arguendo*, that this Court has diversity jurisdiction over this matter, the Court considers Defendant Glenmark's argument that Plaintiff's Complaint cannot establish personal jurisdiction (specific or general) over them in Tennessee. (ECF No. 35-1, 14–17.) Upon review,

the Court concludes that Plaintiff has failed to meet its burden of showing that the Court has personal jurisdiction over Defendant Glenmark.

"A Rule 12(b)(2) motion to dismiss requires a court to 'determine whether the plaintiff has alleged sufficient facts to support the exercise of personal jurisdiction over the defendants.'" *Roundtree-Chism v. Dunn*, No. 1:16-cv-387-SKL, 2017 U.S. Dist. LEXIS 80920, at *4 (E.D. Tenn. May 26, 2017) (quoting *Destination Designs, LLC v. Glick*, No. 3:08-CV-197, 2008 U.S. Dist. LEXIS 80101, at *4 (E.D. Tenn. Oct. 9, 2008)). "'When[, as here,] the district court resolves a Rule 12(b)(2) motion solely on written submissions, the plaintiff's burden is relatively slight, and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" *NTCH-West Tenn, Inc. v. ZTE Corp.*, No. 1:12-cv-1172-JDB-egb, 2017 U.S. Dist. LEXIS 185662, at *3 (W.D. Tenn. Nov. 9, 2017) (quoting *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548–49 (6th Cir. 2016)). Where personal jurisdiction is lacking, courts are to dismiss the matter without prejudice. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006). Upon considering the Motion, "[T]he pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh 'the controverting assertions of the party seeking dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)).

"A court's exercise of personal jurisdiction over a non-resident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee's long-arm statute extends to the limits of federal due process. *Jeremy Bauer v. Nortek Glob. HVAC LLC*, No. 3:14-CV-1940, 2016 U.S. Dist. LEXIS 135984, at *15–16 (M.D. Tenn. Sept. 30, 2016). The exercise of personal

jurisdiction over a non-resident defendant comports with due process only if the defendant has "'certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Bauer*, 2016 U.S. Dist. LEXIS 135984, at *16 (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)).

A court may have either general or specific jurisdiction over a non-resident defendant. *See Fortis Corp. Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006). A Tennessee district court explained the difference between the two types as follows:

> General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. Unlike general jurisdiction, specific jurisdiction subjects the defendant to suit in the forum state only on claims that arise out of or relate to defendant's contact with the forum.

*Watkins v. Kajima Int'l Corp.*, No. 3:08-0426, 2010 U.S. Dist. LEXIS 91432, at *6 (M.D. Tenn. Sept 1, 2010) (citation omitted) (quotations omitted).

<u>*General Jurisdiction*</u>

The Court concludes that Plaintiff has not sufficiently shown that this Court has general jurisdiction over Defendant Glenmark. For a corporation, the paradigm forum for the exercise of general jurisdiction is the "place in which the corporation is fairly regarded as at home[,]" *Bauer*, 2016 U.S. Dist. LEXIS 1359845, at *17, meaning that "corporations are most often subject to general jurisdiction in both the state of their formal incorporation and the state encompassing their principal place of business." *See First Cmty. Bank, N.A. v. First Tenn. Bank*, 489 S.W.3d 369, 385 (Tenn. 2015). As stated above, Plaintiff does not allege the place of incorporation or principal place of business for Defendant Glenmark, so jurisdiction is not apparent on such a theory here.

Moreover, nothing else in the record would allow the Court to conclude that Defendant Glenmark's affiliation with Tennessee is as continuous and systematic as to render it at home in

7

Tennessee. In *Daimler AG v. Bauman*, the Supreme Court discussed another way to satisfy general jurisdiction—an exceptional case where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." 134 S. Ct. 746, 770 n.19 (2014). The *Daimler* Court, however, limited this application of general jurisdiction to exceptional cases by stating that merely "doing business" in a forum state is not alone sufficient to subject a non-resident corporation to general jurisdiction there. *See Daimler AG*, 134 S. Ct. at 757.

Here, Plaintiff's Complaint provides a New Jersey address for Glenmark Defendants' agent for service of process. (ECF No. 1, 2, 9.) Otherwise, Plaintiff's Complaint merely provides the conclusory assertion that Defendant Glenmark produced or manufactured Ropinirole, (*id.* at 1), and sold it in Tennessee, causing harm to Plaintiff. (*See id.* at 4–5, 8.) No other contacts, ties, or relations are asserted. Such allegations, however, do not create exceptional circumstances sufficient to render Defendant at home in Tennessee and confer general jurisdiction. *Devault-Graves Agency v. Salinger*, No. 2:15-cv-02178-STA-tmp, 2015 U.S. Dist. LEXIS 141671, 2015 U.S. Dist. LEXIS 141671, at *10–11 (W.D. Tenn. Oct. 19, 2015) (noting that the place of incorporation and principal place of business are paradigm bases for general jurisdiction over a corporation and that the placement of a product into the stream of commerce does not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant). Thus, the Court does not find that Plaintiff has met its burden of showing that this Court has general jurisdiction over Defendant Glenmark.

*Specific Jurisdiction*

The Court also finds that Plaintiff has not sufficiently shown that this Court has specific jurisdiction over Defendant Glenmark. Courts employ a "three-part test for determining whether,

consistent with due process, a court may exercise specific personal jurisdiction: (1) 'the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;' (2) 'the cause of action [must] arise from the defendant's activities [with the forum];' and (3) 'the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (citations omitted). "If any element is not present, personal jurisdiction may not be exercised." *NTCH-West Tenn, Inc.*, 2017 U.S. Dist. LEXIS 185662, at *12.

Plaintiff does not allege facts sufficient to show specific jurisdiction here because the pleadings do not sufficiently establish purposeful availment. "In analyzing purposeful availment, the Sixth Circuit employs a 'stream of commerce plus' approach that requires more than simply '[t]he placement of a product into the stream of commerce' to prove purposeful availment in the forum state. *Fleming v. Janssen Pharms., Inc.*, 186 F. Supp. 3d 826, 831 (W.D. Tenn. 2016); (quoting *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir. 2003) (per curiam) (noting that an agreement permitting national distribution placing goods into the stream of commerce is not the "plus" factor, but an agreement requiring nationwide can be the "plus" factor sufficient for purposeful availment in each state covered by the agreement)). The Court, then, must look to "'additional conduct' of the defendant[s] 'indicat[ing] an intent or purpose to serve the market in the forum state[.]'" *Bissell Homecare, Inc. v. PRC Indus.*, No. 1:13-cv-1182, 2014 U.S. Dist. LEXIS 104919, at *22 (W.D. Mich. May 12, 2014) (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)). "Factors to consider for the 'stream of commerce plus' test include (1) the defendant's direction or control over the flow of the product into the forum; (2) the quantity of the defendant's particular product regularly flowing into the

forum; and (3) the distinctive features of the forum that connect it with the product in question.'" *Fleming*, 186 F. Supp. 3d at 831 (quoting *One Media IP Ltd. v. S.A.A.R. SrL*, 122 F. Supp. 3d 705, 717 (M.D. Tenn. 2015)).

As stated above, Plaintiff's Complaint merely provides the conclusory assertion that Defendant Glenmark produced or manufactured Ropinirole, (ECF No. 1, 1), and sold it in Tennessee. (*Id.* at 4–5, 8). The Complaint does not assert that Defendant Glenmark directed or controlled the flow of Ropinirole into Tennessee, does not allege any specific quantity of Ropinirole regularly flowing into Tennessee (other than that prescribed to Plaintiff), and does not provide distinctive features of Tennessee that connect it with Ropinirole. Plaintiff's bare assertion, without more, does little to support a finding of purposeful availment here. *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987); *Bissell Homecare, Inc.*, 2014 U.S. Dist. LEXIS 104919, at *23. Upon failing to satisfy the first prong, "Plaintiff cannot meet the requisite showing for specific jurisdiction regardless of whether the other prongs of the test are met." *Bissell Homecare, Inc.*, 2014 U.S. Dist. LEXIS 104919, at *24. Given the above, the Court concludes that personal jurisdiction over Defendant Glenmark is lacking here, favoring dismissal without prejudice.

C. Failure to State a Claim, Rule 12(b)(6)

Assuming, *arguendo*, that subject-matter and personal jurisdiction exist here, the Court considers the following recommendations of the Magistrate Judge: (1) that Plaintiff's allegations against Defendant Walgreens Co. qualify as a health care liability action, and accordingly, should be dismissed with prejudice for Plaintiff's failure to satisfy the pre-suit notice and certification requirements set forth in the Tennessee Health Care Liability Act ("THCLA"), Tenn. Code Ann. §§ 29-26-115 through -122; and (2) that Plaintiff's allegations against Defendants West-Ward and

Glenmark should be dismissed for failure to plead facts sufficient to state a claim under the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. §§ 29-28-101 through -108. (ECF No. 59, 15–21.) The Court agrees.

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson Cnty., Tenn.*, 8l4 F.2d 277, 279 (6th Cir. 1987)). When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must contain either direct or inferential allegations respecting all of the material elements necessary to sustain recovery under some viable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id.*

<u>Walgreens Co.</u>

The Court agrees with and adopts the Chief Magistrate Judge's recommendation that Plaintiff's claims are governed by the THCLA and should be dismissed with prejudice for failure to show compliance with the pre-suit notice and certification requirements set out therein. This case arises out of diversity jurisdiction, and accordingly, Tennessee substantive law governs. *See*

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The THCLA governs all health care liability actions arising under Tennessee law. *See Johnson v. United States*, No. 2:16-cv-02126-JTF-dkv, 2017 U.S. Dist. LEXIS 217737, at *9 (W.D. Tenn. Mar. 31, 2017).

As noted by the Chief Magistrate Judge, before filing a health care liability action in Tennessee, a plaintiff must comply with the pre-suit notice and good-faith certification requirements under the THCLA. Tenn. Code Ann. §§ 29-26-121, 122. Nothing in Plaintiff's Complaint or the record suggests that he provided Walgreens Co. with any pre-suit notice, favoring dismissal without prejudice. Moreover, Plaintiff failed to file a certificate of good faith with his Complaint, despite this case requiring expert testimony to establish malpractice pursuant to Tenn. Code Ann. § 29-26-115. Tenn. Code Ann. § 29-26-115(a). Given the need for expert testimony and Plaintiff's failure to file a certificate of good faith with his Complaint, the Court agrees with and adopts the Magistrate's recommendation that Plaintiff's allegations against Defendant Walgreens Co. should be dismissed with prejudice pursuant to Rule 12(b)(6).

*West-Ward's and Glenmark's Motions to Dismiss*

The Chief Magistrate Judge recommends that Plaintiff's claims against Defendants West-Ward and Glenmark are governed by the TPLA and should be dismissed with prejudice for Plaintiff's failure to plead facts sufficient to state a claim under the TPLA. (ECF No. 59, 23–24.) This Court agrees with and adopts the Magistrate's recommendation.

First, Plaintiff's claims that Ropinirole "induced his heavy gambling" because the product was designed defectively fail. As an initial matter, Ropinirole is an FDA-approved medication, (ECF No. 53-3), and thus, is presumptively not defective or unreasonably dangerous under the TPLA. *See* Tenn. Code Ann. § 29-28-104(a). Moreover, Plaintiff has not overcome this rebuttable presumption. In his claims against Defendants West-Ward and Glenmark, in their capacity as

manufacturers, Plaintiff fails to allege any facts sufficiently explaining how Ropinirole's design is defective. Instead, Plaintiff merely provides the conclusory assertion that Ropinirole induced his gambling because the drug "wrongfully and negligently combined treatment for Reckless Legs Syndrome with an irresponsible reduction of Plaintiff's valuable and rational inhibitions." (ECF No. 60, 7; *see also* ECF No. 1, 3.) Such a conclusory assertion is insufficient to state a claim pursuant to Rule 12(b)(6). *Bishop*, 520 F.3d at 519 ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."). Nonetheless, even if such allegations sufficiently explain how Ropinirole's design is defective, Plaintiff does not allege facts showing that the defect in the drug's design existed at the time it left any Defendant-manufacturer's control. *Brewer v. Mr. Heater, Inc.*, No. 13-1330, 2014 U.S. Dist. LEXIS 47471, at *4 (W.D. Tenn. Apr. 7, 2014).

Similarly, the Court agrees with the Magistrate's recommendation that Plaintiff's failure-to-warn claims against Defendants West-Ward and Glenmark also fail to state a claim upon which relief may be granted. As noted above, a products-liability action for failure to warn requires that the defendant's failure to provide an adequate warning was the cause in fact and proximate cause of the plaintiff's injury. *Meyer v. Tapeswitch Corp.*, No. 3:14-cv-01398, 2017 U.S. Dist. LEXIS 189867 at *25 (M.D. Tenn. Nov. 16, 2017). The only statement lodged in Plaintiff's Complaint concerning Plaintiff's failure-to-warn claims is the conclusory assertion that "the causes of [his] losses were serious and substantial failures to warn[.] (ECF No. 1, 1.) The Complaint is otherwise devoid of any facts regarding Ropinirole's warnings. Such allegations are insufficiently conclusory and fail to allege causation because they lack facts that demonstrate that Defendant's alleged failure to provide an adequate warning was the cause in fact and proximate cause of the

plaintiff's injury. *See Meyer*, 2017 U.S. Dist. LEXIS 189867, at *25. Thus, Plaintiff's failure-to-warn claims also fail.

*Objections*

As an initial matter, Plaintiff does not object to Walgreen's Motion to Dismiss or Motion for Judgment on the Pleadings. (ECF No. 60, 1.)

As his Objection to the Magistrate Judge's Report and Recommendation, Plaintiff lodges the general objection that dismissal of Ropinirole producers West-Ward and Glenmark was improper. (*Id.* at 3.) Providing more specifics for his Objection, Plaintiff states the following:

   a.  The ruling does not deal with what constitutes an effective warning.
   b.  The Judge did not address the [alleged] increases in financial gambling losses while [Plaintiff] took Ropinirole.
   c.  The Judge does not address the possible confusion in Dr. Schriner's prescription order regarding the weight of the Ropinirole dosage.
   d.  There was confusion among opposing attorneys, who wrongfully assumed that Plaintiff, when he started gambling, should have known that Ropinirole was the cause of gambling.

(*Id.* at 3.)

Plaintiff also adds the following facts and/or conclusions:

> [Plaintiff] does not remember effective specific warnings about [R]opinirole and gambling when he started [R]opinirole in 2010[.]"
> In 2017[, Plaintiff] checked and saw a short reference to [R]opinirole and gambling stated briefly in the Ropinirole instructions. However, they were scanty and sandwiched in among myriads of other warnings. He does not recall any effective warnings such as a skull and crossbones to warn of any danger.

(*Id.* at 2.)

The Court finds that Plaintiff's Objections should be denied. First, Plaintiff has waived any argument submitted in his Objections by his failure to respond to the original Motion. *Watson v. Rentenbach Eng'g Co.*, No. 3:09-CV-150, 2013 U.S. Dist. LEXIS 44098, *2 (E.D. Tenn. Mar. 28, 2013). Moreover, this Court need not consider the merits of Plaintiff's Objections, as they are

14

untimely, *Anders v. Shelby Cty.*, No. 16-cv-02775-SHM-cgc, 2017 U.S. Dist. LEXIS 147029, at *9 (W.D. Tenn. Sept. 12, 2017). (*Compare* 28 U.S.C. § 636(b)(1)(C) (allowing a fourteen (14) day period for the filing of objections to a magistrate's proposed findings and recommendations), *with* ECF No. 59 (Report and Recommendation entered October 3, 2018), *and* ECF No. 60 (Objections filed on October 22, 2018).

Nonetheless, assuming, *arguendo*, the Court finds that upon considering the merits of Plaintiff's design defect claims in light of his Objections and additional factual assertions, the claims still fail. Once the legal conclusions of Plaintiff's design defect claims are stripped away, there is little, if any, substance left to the allegations. Here, Plaintiff alleges he was injured by excessive gambling. The only allegation tending to describe a defect or dangerous condition is that the Ropinirole "wrongfully and negligently combined treatment for Reckless Legs Syndrome with an irresponsible reduction of Plaintiff's valuable and rational inhibitions." (ECF No. 60, 7.) Such allegations, given their conclusory nature, are insufficient to show a defective design or dangerous condition. Moreover, Plaintiff's allegations fail to assert that the defect existed at the time the product left any Defendant-manufacturer's control or show a causal link between any design defect and his injuries. Thus, Plaintiff's objections do not change the Court's conclusion on his design defect claims.

Lastly, the Court finds that Plaintiff's objections regarding his failure-to-warn claims do not change the Court's determination that the claims fail. The only statement in Plaintiff's Complaint regarding his failure-to-warn claims against Defendants West-Ward and Glenmark is the assertion that "the causes of [his] losses were serious and substantial failures to Warn[.]" Although Plaintiff, through his objections, submits additional facts on the issue, Plaintiff still does not sufficiently show how any failure to warn was the cause in fact and proximate cause of

Plaintiff's alleged injury. In fact, Plaintiff does not allege that he read or attempted to read any warnings on or related to the Ropinirole when it was provided to him. *See Meyer*, 2017 U.S. Dist. LEXIS 189867, at *25. Instead, Plaintiff asserts that he "does not remember effective specific warnings about [R]opinirole and gambling when he started [R]opinirole in 2010[.]" (ECF No. 60, 2.) Such additional allegations are insufficient to show that any Defendant breached its duty to provide an adequate warning and that said failure was the cause in fact and proximate cause of Plaintiff's injury. Accordingly, Plaintiff's Objections do not cure the deficiencies of his failure-to-warn claims. Thus, the Court finds it should DENY Plaintiff's Objections.

For the reasons above, the Court finds that Plaintiff's claims against Defendants Glenmark, West-Ward Pharmaceuticals Corp., and Walgreens Co. should be DISMISSED in their entirety with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **GRANT** Defendant Glenmark's Motion to Dismiss, Defendant Walgreen Co.'s Motion to Dismiss and/or Motion for Judgment on the Pleadings, and Defendant West-Ward's Motion to Dismiss; **DENIES** Plaintiff's Objections; and **DISMISSES** Plaintiff's Complaint with prejudice in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** on this 4th day of March 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge